**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-2283**

_____

HARMAN MINING CORPORATION; VIRGINIA PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION,

Petitioners,

v.

EMMA RAYETTA BARTLEY, o/b/o widow of Jerry W. Bartley; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board.  (21-0497-BLA; 21-0498-BLA).

_____

Submitted:  July 30, 2024                                        Decided:  August 20, 2024

_____

Before NIEMEYER, WYNN, and QUATTLEBAUM, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  James M. Poerio, POERIO & WALTER, INC., Pittsburgh, Pennsylvania, for Petitioners.  Brad A. Austin, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondent Bartley.  Seema Nanda, Solicitor of Labor, Barry H. Joyner, Associate Solicitor, Jennifer Feldman Jones, Deputy Associate Solicitor, Michael P. Doyle, Counsel for Appellate Litigation, Ann Marie Scarpino, Attorney, UNITED STATES

DEPARTMENT OF LABOR, Washington, D.C., for Federal Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harman Mining Corporation and the Virginia Property and Casualty Insurance Guaranty Association (collectively, "Employer") petition for review of the Benefits Review Board's (BRB or "Board") decision and order affirming the Administrative Law Judge's (ALJ) award of miner's and survivor's benefits to Emma Rayetta Bartley ("Mrs. Bartley") under the Black Lung Benefits Act ("the Act"), 30 U.S.C. §§ 901-944. Employer argues that the District Director violated its due process rights when deciding that it was the operator liable for payment of benefits to Mrs. Bartley or "the responsible operator." Employer further contends that the ALJ improperly concluded that it failed to rebut the presumption that the totally disabling respiratory impairment of Mrs. Bartley's late husband, Jerry W. Bartley, was due to pneumoconiosis. We deny the petition.

## I.

We review de novo Employer's contention that the District Director violated its due process rights when deciding that it was the responsible operator. *See Kirk v. Comm'r of Soc. Sec. Admin.*, 987 F.3d 314, 320 (4th Cir. 2021); *Am. Energy, LLC v. Dir., Office of Workers' Comp. Programs*, 106 F.4th 319, 330 (4th Cir. 2024) ("*Goode*"). The regulations define the responsible operator as the "potentially liable operator . . . that most recently employed the miner." 20 C.F.R. § 725.495(a)(1) (2024). There are five requirements for an operator to be deemed a potentially liable operator, including that the operator or its successor must have employed the miner for a cumulative period of at least one year. 20 C.F.R. § 725.494 (2024).

3

The regulations set forth a detailed procedure for identifying the responsible operator. Upon receipt of the miner's claim, the district director must first "investigate whether any operator may be held liable for the payment of benefits as a responsible operator"—that is, whether any of the miner's employers qualify as a potentially liable operator. 20 C.F.R. § 725.407(a) (2024). The district director then notifies any potentially liable operator of the existence of the claim. 20 C.F.R. § 725.407(b) (2024). After receiving that notice, the operator has 30 days to accept or contest its designation as a potentially liable operator. 20 C.F.R. § 725.408(a)(1) (2024). If the operator contests its designation, it must "state the precise nature of the disagreement by admitting or denying" each of the five requirements for being designated a responsible operator. 20 C.F.R. § 725.408(a)(2) (2024). A potentially liable operator also "may submit documentary evidence in support of its position" regarding liability within 90 days. 20 C.F.R. § 725.408(b)(1) (2024). "[N]o documentary evidence relevant to [whether the operator is potentially liable] may be admitted in any further proceedings unless it is submitted within the time limits set forth in this section." 20 C.F.R. § 725.408(b)(2) (2024).

After the potentially liable operators have responded and the district director has completed the initial development of evidence relevant to the claimant's entitlement to benefits, the district director issues a Schedule for the Submission of Additional Evidence (SSAE). 20 C.F.R. § 725.410(a) (2024). The SSAE contains the district director's designation of the responsible operator and his decision as to whether the claimant is entitled to benefits. *Id.* If "the district director has designated as the responsible operator an employer other than the employer who last employed the claimant as a miner, the district

4

director shall include, with the [SSAE]," his reasons for doing so.    20 C.F.R. § 725.410(a)(3); *see* 20 C.F.R. § 725.495(d) (2024).

The potentially liable operator designated as the responsible operator then has 30 days to accept or contest the designation.    20 C.F.R. § 725.412(a)(1) (2024).    The contesting operator is also afforded at least 60 days to submit additional evidence relevant to the claimant's eligibility for benefits and the operator's liability for the claim.  20 C.F.R. § 725.410(b) (2024).  "Documentary evidence pertaining to the liability of a potentially liable operator and/or the identification of a responsible operator which was not submitted to the district director shall not be admitted into the hearing record in the absence of extraordinary circumstances."    20 C.F.R. § 725.456(b)(1) (2024); *see also* 20 C.F.R. § 725.414(d) (2024).

When the claim proceeds to a hearing before the ALJ, the regulations clarify the burden of proof regarding the responsible operator issue. *See RB&F Coal, Inc. v. Mullins*, 842 F.3d 279, 281-82 (4th Cir. 2016) (explaining burdens).  "[W]ith respect to the adjudication of the identity of a responsible operator, the Director [of the Office of Workers' Compensation Programs ('the Director')] shall bear the burden of proving that the responsible operator initially found liable for the payment of benefits . . . is a potentially liable operator." 20 C.F.R. § 725.495(b) (2024).  Then the burden shifts to the designated responsible operator to prove "[t]hat it is not the potentially liable operator that most recently employed the miner." 20 C.F.R. § 725.495(c)(2) (2024).  This "proof must include evidence that the miner was employed as a miner after he or she stopped working for the designated responsible operator and that the person by whom he or she was employed is a

potentially liable operator within the meaning of § 725.494." *Id.* As explained, though, the designated responsible operator may only rely on the evidence presented to the district director, absent extraordinary circumstances. *See* 20 C.F.R. §§ 725.414(d), 725.456(b)(1).

The District Director followed the proper procedure here. After identifying Employer as a potentially responsible operator, the District Director sent Employer notice of the claims. Employer denied that it satisfied any of the requirements to be deemed a potentially liable operator, but it did not submit any supporting evidence. The District Director then issued an SSAE designating Employer as the responsible operator. Because Employer was not the operator that most recently employed Bartley, the District Director explained that the two subsequent operators were not potentially liable because Bartley worked for those companies for less than a year. Employer denied that it was the responsible operator but did not provide any supporting evidence. When the case was referred to the ALJ, however, Employer attempted to introduce evidence to satisfy its burden of establishing that it was not the responsible operator. The ALJ denied admission of that evidence because Employer failed to present it to the District Director and because Bartley's death did not qualify as an extraordinary circumstance justifying the late admission.

In this petition for review, however, Employer maintains that the District Director faltered at the first step, violating its due process rights by failing to perform his initial duty to "investigate whether any operator may be held liable for the payment of benefits as a

6

responsible operator."* 20 C.F.R. § 725.407(a). We conclude that the District Director did not violate Employer's due process rights. Employer had notice of the claims and an opportunity to contest its liability before the District Director. Notably, Employer had access to the same Social Security earnings report that the District Director considered and could have used that report as well as the evidence it sought to introduce before the ALJ to contest its liability at the appropriate time. But Employer waited nearly two years after the District Director issued the SSAE to contest its liability.

## II.

Having concluded that Employer is liable for any benefits awarded to Mrs. Bartley, we now address whether the ALJ properly concluded that Mrs. Bartley was entitled to benefits. "We review the findings of the ALJ, as affirmed by Board, to determine if they are supported by substantial evidence and in accordance with the law." *Goode*, 106 F.4th at 330(cleaned up); *see W. Va. CWP Fund v. Dir., Off. of Workers' Comp. Programs*, 880 F.3d 691, 697 (4th Cir. 2018) ("*Smith*") ("In black lung cases, our review is highly deferential."). "To determine whether this standard has been met, we consider whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained

---

* Employer further contends that the ALJ erred in granting the Director's motion for a protective order, which prohibited Employer from seeking discovery from and deposing the District Director. Employer also maintains that Bartley's death qualified as an extraordinary circumstance justifying the late admission of additional evidence. We conclude that Employer waived judicial review of these issues because it did not raise them before the BRB. *See Edd Potter Coal Co. v. Dir., Office of Workers' Comp. Programs*, 39 F.4th 202, 206-09 (4th Cir. 2022).

h[er] rationale in crediting certain evidence." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted).

But "the duty to resolve conflicts in the evidence rests with the ALJ as factfinder. And when conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled or has pneumoconiosis, the responsibility for that decision falls on the ALJ." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016). Accordingly, in conducting our analysis, "we do not undertake to reweigh contradictory medical evidence, make credibility determinations, or substitute our judgment for that [of the ALJ]." *Id.* Indeed, "[s]o long as an ALJ's findings . . . are supported by substantial evidence, they must be sustained." *Epling*, 783 F.3d at 504. "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Addison*, 831 F.3d at 252 (internal quotation marks omitted).

Generally, to establish eligibility for benefits, a miner must demonstrate that: (1) "he has pneumoconiosis, in either its clinical or legal form"; (2) "the pneumoconiosis arose out of coal mine employment"; (3) "he is totally disabled by a pulmonary or respiratory impairment"; and (4) "his pneumoconiosis is a substantially contributing cause of his total disability." *W. Va. CWP Fund v. Bender*, 782 F.3d 129, 133 (4th Cir. 2015) (internal quotation marks omitted); *see* 20 C.F.R. § 725.202(d)(2) (2024). "But for certain miners, Congress has made it easier to establish eligibility for benefits." *Smith*, 880 F.3d at 695. If the miner proves that he was employed in underground coal mines or in substantially similar conditions for at least 15 years, that he has had a chest X-ray interpreted as negative for complicated pneumoconiosis, and that he has a totally disabling

8

respiratory or pulmonary impairment, he is entitled to the rebuttable presumption that he is totally disabled due to pneumoconiosis. 30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305(b) (2024); *see Smith*, 880 F.3d at 695.

"Once the presumption is triggered, the burden shifts to the employer to demonstrate that the miner is not in fact eligible for benefits." *Smith*, 880 F.3d at 695. An employer can rebut the 15-year presumption by establishing that the miner does not suffer from pneumoconiosis arising out of his coal mine employment ("pneumoconiosis rebuttal"), 20 C.F.R. § 718.305(d)(1)(i) (2024), or "that no part of the miner's respiratory or pulmonary total disability was caused by pneumoconiosis" ("causation rebuttal"), 20 C.F.R. § 718.305(d)(1)(ii) (2024). Under the pneumoconiosis rebuttal method, the employer must prove "that the miner's impairment is *not* significantly related to, or substantially aggravated by, the [15] years or more he has spent in the coal mines." *Smith*, 880 F.3d at 695 (internal quotation marks omitted). Under the causation rebuttal method, the employer "must 'rule out' the mining-related disease as a cause of the miner's disability." *Epling*, 783 F.3d at 502. The employer cannot satisfy this "rule out" standard by establishing that pneumoconiosis was only a minor cause or one of multiple causes of the miner's impairment; rather, the employer "affirmatively must establish that the miner's disability is attributable exclusively to a cause or causes other than pneumoconiosis." *Bender*, 782 F.3d at 144.

Employer challenges the ALJ's conclusion that it failed to rebut the presumption that Bartley's totally disabling respiratory impairment was caused by pneumoconiosis on two grounds: (1) the ALJ failed to weigh and resolve the conflicting evidence regarding

Bartley's smoking history; and (2) the ALJ improperly relied on Dr. Green's medical opinion, which Employer avers was not well-reasoned or well-documented, while improperly discounting the opinions of Drs. Fino and Rosenberg.

Like the BRB, we conclude that any error by the ALJ in the calculation of Bartley's smoking history was harmless. *See Addison*, 831 F.3d at 253-54 (discussing harmlessness in black lung context). Moreover, because it was Employer's burden to rebut the presumption of total disability due to pneumoconiosis, we need not consider whether the ALJ properly credited Dr. Green's opinion. Indeed, the ALJ specifically stated that, even if she were to discount Dr. Green's opinion, she would still find that Employer failed to rebut the presumption.

Employer, then, may only prevail if it establishes that the ALJ erred in discounting the opinions of Drs. Fino and Rosenberg. And we conclude that the Employer has failed to do so. There is no doubt that Bartley suffered from multiple impairments, which made the task of determining what exactly caused his totally disabling respiratory impairment difficult. The ALJ discounted the opinions of Drs. Fino and Rosenberg, in part, because they did not appear to acknowledge that difficulty. In contrast to Dr. Green, who opined that Bartley's respiratory impairment was caused by many factors, including lengthy exposure to coal dust, Drs. Fino and Rosenberg were certain that Bartley's respiratory impairment was caused exclusively by conditions unrelated to coal dust exposure. Neither physician, however, persuasively explained his confidence—that is, how he was able to conclude that exposure to coal dust did not contribute to Bartley's respiratory impairment. Dr. Rosenberg attempted an explanation, but his opinion—that coal dust inhalation did not

10

contribute to Bartley's respiratory impairment because he did not seek medical treatment until years after he retired from the mines—contradicts the Department of Labor's conclusion that pneumoconiosis is a latent and progressive disease. *See E. Associated Coal Corp. v. Dir., Office of Workers' Comp. Programs*, 805 F.3d 502, 512-13 (4th Cir. 2015).

## III.

Because Employer failed to establish error in the ALJ's findings that Mrs. Bartley is entitled benefits and that Employer is liable for payment of those benefits, we deny Employer's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*